**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TERRY SMITH**<br>    **LA. DOC #312695**<br>**VS.** | **CIVIL ACTION NO. 6:09-0981**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Terry Smith filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on June 16, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary. Petitioner attacks his July 1, 2004 first degree murder conviction entered in the Sixteenth Judicial District Court for St. Martin Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### STATEMENT OF THE CASE

The St. Martin Parish Grand Jury indicted petitioner on a charge of first degree murder, a capital offense under Louisiana law. On July 1, 2004, petitioner pled guilty to

first degree murder pursuant to a plea agreement and, in accordance with the plea agreement, he was sentenced to life imprisonment without parole.

Petitioner did not directly appeal his conviction or sentence. However, petitioner did seek various forms of post-conviction relief.

Although not disclosed by petitioner, the published jurisprudence reveals that petitioner first sought post-conviction relief in the Sixteenth Judicial District Court. His claims were ultimately denied on May 4, 2007 by the Louisiana Supreme Court, which denied writs and dismissed the application as untimely filed pursuant to article 930.8 of the Louisiana Code of Criminal Procedure. *See State of Louisiana ex rel. Terry Glenn Smith v. State of Louisiana*, 956 So.2d 603, 2006-KH-2107 (La. 2007).

Petitioner also filed a "post conviction state writ of *habeas corpus*" in the Twentieth Judicial District Court.[1] In this pleading, petitioner attacked his conviction on the grounds that the Sixteenth Judicial District Court exceeded its jurisdiction in accepting his plea, since he was mentally retarded. On July 5, 2007, Judge Carmichael of the Twentieth Judicial District Court denied state *habeas corpus* relief "declaring [that] petitioner should have sought relief in the 16th J.D.C. via application for post-conviction relief . . . ." [rec. doc. 1, ¶11; *see also* p. 18].

On August 9, 2007, petitioner filed a second application for post-conviction relief in the Sixteenth Judicial District Court raising the same claim. The trial court denied the

---

[1]The Louisiana State Penitentiary at Angola is located in West Feliciana Parish, which is included within the jurisdiction of the Twentieth Judicial District. *See* La. R.S.13:477(20).

application. Thereafter, on January 3, 2008, petitioner's request for review in the Louisiana Third Circuit Court of Appeals was denied. *See State of Louisiana v. Terry G. Smith*, No. KH 07-1300 (La. App. 3rd Cir. 2008) (unpublished). The Louisiana Supreme Court denied petitioner's request for writs on March 27, 2009, finding the petition had been untimely filed, citing Louisiana Code of Civil Procedure article 930.8 (which provides a 2-year period of limitations for seeking post-conviction relief) and *State ex rel. Glover v. State*, 660 So.2d 1189, 93-2330 (La.1995) (which held that the Louisiana appellate courts are not precluded from denying relief on basis of the time bar for post-conviction applications when the lower courts addressed the merits of the untimely filed application), *abrogated on other grounds, State ex rel Oliviere v. State*, 779 So.2d 735 (La. 2001). *State of Louisiana ex rel. Terry G. Smith v. State of Louisiana*, 5 So.3d 138, 2008-KH-1448 (La. 2009).

Petitioner signed his federal *habeas corpus* petition on June 12, 2009; it was received and filed by the Clerk of this Court on June 16, 2009. In his standardized petition, petitioner sets forth a single claim of relief : "State trial court exceeded jurisdiction . . . ." [rec. doc. 1, "Ground One" p. 5]. In his memorandum in support of federal *habeas* relief, petitioner articulated the claim as follows: "The state courts erred when they failed to recognize petitioner's claim as 'jurisdictional defect' and failed to grant relief, misapplying the law as to La. C.Cr.P. article 930.8(A); petitioner's guilty plea accepted while stipulating to be mentally retarded . . . ." [rec. doc. 1, p. 21].

3

Peitioner argues that once his mental capacity was placed at issue, under Louisiana law (L.C.Cr.P. art. 642), the trial court did not have jurisdiction to accept his guilty plea, and, further, that his plea, which was entered in accordance with *Atkins v. Virginia,* 536 U.S. 304, 129 S.Ct. 2145 (2002) (holding that the Eighth Amendment bars execution of mentally retarded offenders), *State v. Dunn*, 974 So.2d 658 (La. 2008) and *State v. Williams*, 831 So.2d 835 (La. 2002), was invalid.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d)(1) was amended by AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[2]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in

---

[2] Nothing in the pleadings or record suggest that State created impediments prevented the timely filing of this petition; nor do the pleadings or record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B) and (C). Petitioner's suggestion that he recently discovered the facts underlying his claim and therefore, should be able to rely on § 2244(d)(1)(D) is discussed below.

4

state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467 *citing Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was sentenced on July 1, 2004; he did not appeal. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review", thirty days following the imposition of petitioner's sentence[3] or, on or about August 2, 2004.[4] Under 28 U.S.C. § 2244(d)(1)(A) petitioner had one year, or until August 2, 2005 to file his federal *habeas corpus* petition.

Petitioner contends that the Louisiana Courts erroneously dismissed his applications for post-conviction relief as untimely filed because those courts failed to apply article 930.8(A)(1), which provides an exception to the one year limitation period if

---

[3] *See* La. C.Cr.P. article 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

[4] La. C.Cr.P. article 13 provides: "In computing a period of time allowed or prescribed by law . . . the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. . . ." Petitioner was sentenced on Thursday, July 1, 2004. The thirty day period for seeking an appeal ended on Saturday, July 31. Therefore, petitioner had until Monday, August 2, 2004 to file a timely motion for appeal.

5

the applicant can establish that the "facts upon which the claim is predicated were not known to the petitioner or his attorney . . . ." In support of this argument, petitioner claims that he and his attorney were "ignorant to the facts that the prosecution could proceed no further, when the issue of petitioner's competency and capacity to proceed was raised, and Petitioner just recently discovered these facts from research at the prison law library . . . ." [rec. doc. 1, pg. 25].

Clearly, petitioner confuses "facts" with "law"; ignorance of the law does not qualify for the exception set forth in article 930.8(A)(1). Furthermore, it is clear that both petitioner and his attorney were aware of the facts underlying any claim of incompetence, as well as any potential issue as to petitioner's retardation, prior to entry of petitioner's plea. Indeed, petitioner himself has submitted a copy of a letter written by his attorney to the Practice Assistance Counsel wherein petitioner's attorney explains why he advised petitioner to accept the state's life sentence plea offer in lieu of standing trial at which the state would seek the death penalty as follows: "[d]octors found Mr. Smith competent to stand trial and the trial court accepted these findings. With respect to the mental retardation issue, one doctor found Mr. Smith to be mentally retarded and, as such, not eligible to receive the death penalty. A second doctor however, concluded otherwise. A third doctor was unable to reach a definitive conclusion. With this [sic] conflicting medical reports, the state offered a life sentence."

Likewise, to the extent that petitioner implies that the federal *habeas corpus* one year limitations period should run from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence . . .", under § 2244(d)(1)(D), for these same reasons that claim is without merit. Section 2244(d)(1)(D) also requires the recent discovery of facts, and not some late realization of the law. Thus, § 2244(d)(1)(D) is inapplicable.

In light of the above, the federal one year limitation period is properly calculated under § 2244(d)(1)(A). The one year limitation period for petitioner to file his federal *habeas corpus* petition expired on August 2, 2005.

Petitioner cannot rely on statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not timely or properly file his applications for post-conviction relief in the Louisiana courts. Petitioner's first post-conviction application was denied by the Louisiana Supreme Court as untimely filed. His state *habeas corpus* petition, filed in the Twentieth Judicial District Court, was dismissed as improperly filed because petitioner could not seek relief pursuant to Louisiana's *habeas corpus* statutes (La. C.Cr.P. arts. 351 *et seq.* ) because those provisions are not available to persons entitled to file an application for post-conviction relief. *See* La.C.Cr.P. art. 351; *Sinclair v. Kennedy*, 701 So.2d 457, 460, 1996-1510 (La.App. 1 Cir. 1997), *writ denied*, 717 So.2d 645, 1997-2495 (La. 1998)[5];

---

[5]The *Sinclair* court summarized state *habeas corpus* law as follows:
Generally, *habeas corpus* deals with pre-conviction complaints concerning custody, and is not the proper procedural device for post-conviction relief. LSA-C.Cr.P. art. 351 and Official Revision Comment (c). It is not available to contest the validity of the conviction or to have the sentence set aside; such claims are considered requests for post-conviction relief. *See State ex rel. Lay v. Cain*,

*State ex rel. James v. State*, 640 So.2d 259, 259 (La. App. 1 Cir. 1993).[6] Moreover, petitioner's second, and most recent, post-conviction application was also denied, ultimately dismissed by the Louisiana Supreme Court pursuant to Louisiana Code of Criminal Procedure article 930.8.

A federal *habeas corpus* petitioner is not entitled to statutory tolling under § 2244(d)(2) if, by the time he filed his State application, it was time-barred under State law. This is so because an untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

Petitioner is also unable to rely upon the doctrine of equitable tolling. The Supreme Court has not decided whether the AEDPA limitations period may be equitably tolled. However, the Supreme Court, when assuming without deciding that equitable tolling is available, articulated that in order to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some

---

96-1247 (La.App. 1st Cir. 2/14/97), 691 So.2d 135, 137; *State ex rel. James v. State*, 640 So.2d 259 (La.App. 1st Cir.1993).

[6]The *James* court summarized state *habeas corpus* law as follows:
*Habeas corpus* is a writ commanding a person who has another in his custody to produce him before the court and to state the authority for the custody. La.C.Cr.P. art. 351. Generally, habeas corpus is not the proper procedural device for petitioners who may file applications for post-conviction relief. La.C.Cr.P. art. 351. Essentially, habeas corpus deals with preconviction complaints concerning custody. Official Revision Comment (c), La.C.Cr.P. art. 351. An application for post-conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside. La.C.Cr.P. art. 924. *See State ex rel. Bartie v. State*, 501 So.2d 260 (La. App. 1st. Cir. 1986).

extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005).

In accord with the *Lawrence* standard, the Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). Equitable tolling applies "where the district court has done something to mislead the petitioner into believing that his petition is due after the limitations period has expired." *Johnson*, 483 F.3d at 286 (citations omitted). However, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing in this court; petitioner was not mislead or prevented by the court or the State of Louisiana from asserting his rights in a timely filed federal *habeas corpus* petition. Further, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Johnson,* 483 F.3d at 286 *citing Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714.

Moreover, while the Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling of a limitations period, petitioner has offered insufficient support for this court to find that his mental retardation rendered him

9

mentally incompetent so as to justify equitable tolling of the limitation period herein. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) *citing Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232-33 (5th Cir.1999).

To the contrary, the record refutes any such claim. As noted above, the doctors who examined petitioner found him competent to stand trial. Moreover, petitioner's alleged mental retardation did not stop him from filing two state post-conviction applications or a state *habeas corpus* petition. The undersigned therefore can find no reason why petitioner's alleged mental condition would have precluded his timely filing of a federal petition as well.

Finally, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief. Here, petitioner waited over two years to file for state post-conviction relief and over nine before filing for relief in this court. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 *citing Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999); *In re Wilson*, 442 F.3d at 875.

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for federal *habeas corpus* relief should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are

barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana October 6, 2009.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE